1

David Goldman (Bar No. 76551)
**WENDEL, ROSEN, BLACK & DEAN LLP**

2

1111 Broadway, 24th Floor
Oakland, CA 94607-4036

3

Telephone: (510) 834-6600
Fax: (510) 834-1928

4

5

Attorneys for Plaintiff
Champion Performance Products, Inc.

6

7

Randall B. Bateman, *pro hac vice*
Perry S. Clegg, *pro hac vice*

8

**BATEMAN IP LAW GROUP**
8 East Broadway, Suite 550

9

Salt Lake City, Utah 84111
Telephone: (801) 533-0320

10

Fax: (801) 533-0323

11

Attorneys for Plaintiff
Champion Performance Products, Inc.

12

13

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

14

15

CHAMPION PERFORMANCE
PRODUCTS, INC., d.b.a. CHAMPION
NUTRITION,

16

CASE NO. C-04-4180 (MMC)

**STIPULATED PROTECTIVE ORDER**

17

Plaintiff,

18

vs.

19

MET-RX SUBSTRATE TECHNOLOGY,
INC. and NBTY, INC.,

20

Defendants.

21

22

## STIPULATED PROTECTIVE ORDER

23

WHEREAS, the parties desire entry of a protective order under Rule 26(c) of the

24

Federal Rules of Civil Procedure to protect confidential information during discovery and

25

trial, and the Court has determined that it is appropriate to enter such an order for that

26

purpose. Therefore,

27

-1-

28

*STIPULATED PROTECTIVE ORDER*
*CASE NO. C-04-4180 (MMC)*

BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
Salt Lake City, UT 84111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT IS HEREBY STIPULATED BY THE PARTIES, ACTING THROUGH THEIR UNDERSIGNED COUNSEL, AND ORDERED:

1.     This Protective Order ("Protective Order") shall govern the dissemination of information in this litigation.

2.     "Confidential Information" Defined. As used herein, the term "Confidential Information" shall refer to any answer, testimony, document, article or thing or any portion or portions thereof that contains information protected under Rule 26(c) of the Federal Rules of Civil Procedure and marked CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing party.

3.     Designation of "CONFIDENTIAL". A party producing information, (the "producing party"), or any non-party, may designate as "CONFIDENTIAL" any information furnished to counsel for the receiving party that, in good faith, is believed to contain Confidential Information. From time to time in order to facilitate use of information designated CONFIDENTIAL, the receiving party may request that the producing party (at the producing party's expense, if such request and expense is reasonable) redact the portion of documents that cause the documents to be labeled CONFIDENTIAL. The redaction is to be the minimum reasonably required to eliminate the need to designate the documents CONFIDENTIAL.

4.     Designation of "ATTORNEYS' EYES ONLY". A party producing information, (the "producing party"), or any non-party, may designate Confidential Information furnished to counsel for the receiving party during discovery as "ATTORNEYS' EYES ONLY" only if disclosure of the information to persons in category (e) of Paragraph 6 below would expose the producing party or a disclosing non-

-2-

party to a risk of economic harm, or give the receiving party an unfair business advantage, such as, including but not limited to, any financial information, trade secrets, and/or customer lists. From time to time in order to facilitate use of information designated ATTORNEYS' EYES ONLY, the receiving party may request that the producing party (at the producing party's expense, if such request and expense is reasonable) redact the portion of documents that cause the documents to be labeled ATTORNEYS' EYES ONLY. The redaction is to be the minimum reasonably required to eliminate the need to designate the documents ATTORNEYS' EYES ONLY, except that the producing party may designate the remaining portion CONFIDENTIAL, in which case it will be treated pursuant to paragraph 3 of this Protective Order.

5.   Marking of Items.

(a)   Any producing party (or applicable non-party) may designate an item as CONFIDENTIAL by placing or affixing to such item, in a manner that will not interfere with the legibility thereof, one of the following notices:  "CONFIDENTIAL," "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER."  In the case of depositions, such designations may be made by counsel on the record or as provided in Paragraph 12 below.

(b)   Any producing party (or applicable non-party) may designate an item as ATTORNEYS' EYES ONLY by placing or affixing to such item, in a manner that will not interfere with the legibility thereof, one of the following notices: "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY."  In the case of depositions, such designations may be made by counsel on the record or as provided in Paragraph 12 below.

-3-

BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
Salt Lake City, UT 84111

6.    Access to CONFIDENTIAL Information.  Access to information designated CONFIDENTIAL furnished to receiving counsel shall be restricted to (a) counsel (including their professional, stenographic and clerical employees) for that party that are independent private counsel and not employees of the parties, including, without limitation, the law firm Heller Ehrman White & McAulliffe LLP, 333 Bush Street, San Francisco, California 94104, Telephone (415) 772-6000 (appearing for Defendant/Counterclaimant Met-Rx Substrate Technology, Inc. ("Substrate-Tech")), Sedgwich, Detert, Moran, & Arnold LLP, One Embarcadero Center, 16th Floor, San Francisco, California 94111 (appearing for Defendants Substrate-Tech and NBTY, Inc. ("NBTY")),  Bateman IP Law Group, 8 East Broadway, Suite 550, Salt Lake City, Utah 84111 (appearing for Plaintiff Champion Performance Products, Inc. d.b.a. Champion Nutrition ("Champion")), and Wendel, Rosen. Black & Dean LLP, 1111 Broadway, 24th Floor, Oakland, California 94607, Telephone (510) 834-6600 (appearing for Champion); (b) authorized outside experts (including their stenographic and clerical employees);  (c) Judges, their staff and court personnel;  (d) stenographic court reporters before whom a deposition is taken, including their secretarial, clerical and other lay personnel; and (e) a party who is a natural person or the owners, directors, officers or employees of a party (if that party is not a natural person);  provided that each natural person has first read this Protective Order and has agreed to abide by its terms by signing an Affidavit re Protective Order in the form attached hereto as Exhibit "A", a copy of which shall then be served on counsel for the parties within 5 business days of its execution.

7.    Access to ATTORNEY'S EYES ONLY Information.  Information designated as "ATTORNEY'S EYES ONLY" shall be restricted from, and not exhibited

-4-

or disclosed to, persons in category (e) of Paragraph 6, but may only be disclosed to

persons in categories (a) through (d) of Paragraph 6.

8. Confidentiality To Be Maintained. Except as agreed by the designating

party, as ordered by the United States District Court or other court of competent

jurisdiction, or as otherwise provided herein, information designated as

CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be maintained confidential by

the receiving party to which it is furnished and may be used by that receiving person only

for the purpose of this litigation or for pursuing claims raised in this litigation and for no

other purpose.

9. Experts. With respect to outside experts (whether testifying or non-

testifying), to become an authorized outside expert entitled to access information

designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY as provided in

Paragraph 6, the expert must be provided with a copy of this Order and must sign an

Affidavit re Protective Order in the form set forth as Exhibit "A" hereto. The party on

whose behalf such an Affidavit is signed by any expert shall send via Federal Express or

similar private delivery service a copy signed by the applicable outside expert to

opposing counsel and shall retain the original Affidavit in its files in the event

unauthorized disclosure becomes an issue. CONFIDENTIAL and/or ATTORNEYS'

EYES ONLY information shall not be disclosed to an outside expert during a ten (10)

day period following receipt by the opposing counsel of the applicable signed Affidavit

in order to permit opposing counsel an opportunity to object to or oppose disclosure to

such outside expert. In the event opposing counsel objects to disclosure of

CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information, such information

-5-

BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
Salt Lake City, UT 84111

BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
Salt Lake City, UT 84111

1  shall not be disclosed to such outside expert; provided, however, that a party may seek

2  relief with the Court to move the opposing party to permit said outside expert access to

3  CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information.  Objections to

4  access to CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information by an

5  outside expert must be in writing and reasonably state the basis for the objection.  Subject

6  to Paragraph 10 below, if no objection is made within ten (10) days of receipt by

7  opposing counsel of a signed Affidavit, then a party may disclose CONFIDENTIAL

8  and/or ATTORNEYS' EYES ONLY information to the applicable outside expert

9  pursuant to the terms of this Protective Order.  Nothing herein shall be deemed a waiver

10  of any party's right to object to or oppose deposition of a non-testifying expert.

11          10.    Inadvertent Production.  The inadvertent production of any information or

12  document without it being properly marked shall not be deemed a waiver of any claim of

13  confidentiality in such information or document.  If a party or a supplying person through

14  inadvertence produces any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY

15  information without marking it as such in accordance with the provisions of this Order,

16  the supplying person or party may furnish a substitute copy properly marked along with

17  written notice to all parties (or written notice alone as to non-documentary information)

18  that such information is deemed CONFIDENTIAL and/or ATTORNEYS' EYES ONLY

19  information and should be treated as such in accordance with the provisions of this Order.

20  Each receiving person must treat such information as if designated CONFIDENTIAL

21  and/or ATTORNEYS' EYES ONLY from the date such notice is received.  Disclosure of

22  such CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information prior to the

23  receipt of such notice shall not be deemed a violation of this Order, however, the

-6-

disclosing party shall collect any and all copies disclosed prior to notification.

11.   Filing of Papers Under Seal.  If a document or a tangible thing embodying or including CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information is filed with the court, it shall be filed with the following notation:

"SEALED PURSUANT TO PROTECTIVE ORDER;
CONTAINS CONFIDENTIAL INFORMATION."

-or-

"SEALED PURSUANT TO PROTECTIVE ORDER;
CONTAINS ATTORNEYS' EYES ONLY INFORMATION."

12.   Deposition Practice.  Either party may designate any deposition as embodying CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information at any time prior to or during any deposition.  In the event that any item embodying CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information is used at deposition(s), the reporter and the receiving counsel shall be instructed at any time during the deposition that pursuant to this Order, the deposition and deposition exhibits containing CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information, if retained by the reporter, shall be retained under seal, and if filed with the court, shall be filed under seal with the instructions set forth in Paragraph 11 hereof.  The reporter shall be further instructed not to furnish copies of any such material or disclose its contents to any person other than counsel for the respective parties (or the designating third party). In addition, the parties (or an applicable third party) may designate deposition testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY by providing written notice of such designation to the reporter and counsel for the opposing party within ten (10) days after receipt of the transcript of such testimony.  Prior to such time, the entire transcript shall be treated as ATTORNEYS' EYES ONLY.

-7-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
Salt Lake City, UT 84111

13. <u>Challenging Designations</u>. Anyone who is subject to this Order may make a written request for the withdrawal of a designation, to which the designating party must respond, in writing, within five (5) business days. If the designating party fails to withdraw the designation within five (5) business days of a written request, anyone who is subject to this Order may apply for an order removing such items designated as CONFIDENTIAL or ATTORNEYS EYES ONLY from the ambit of the provisions hereof or otherwise modifying the provisions hereof as to such designated item(s). During the pendency of such motion and until a determination on the merits has been made, the information asserted to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information shall continue to be treated as such under the terms of this agreement. In all instances, the party asserting "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status shall have the burden of proving that the information in question is within the scope of protection asserted by Rule 26(c)(7) of the Federal Rules of Civil Procedure.

14. <u>Document Production</u>. To the extent that documents and things are produced and copied for delivery to a party pursuant to a document production, each page of all such produced documents and each such produced thing shall bear a unique identifying number.

15. <u>Designations Not Admissions</u>. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in this litigation.

16. <u>Limit to Scope of Order</u>. This Order shall not be construed to prevent any person from making use of or disclosing information that:

-8-

(a)     was lawfully in that person's possession and not under obligation of secrecy with respect to such information, prior to receipt of such information from a producing party;

(b)     become known lawfully to that person in a manner that does not violate the provisions of this Order; or

(c)     was or is hereafter lawfully obtained from a source or sources other than the producing party or any person under an obligation of secrecy with respect to the producing party.

17.     Return of Documents. Upon final determination of the above-captioned action, all copies, other than a single copy of pleadings and other papers filed with the Court, including transcripts of hearings, depositions and trial, and all exhibits thereto, may be maintained in the sole custody of counsel for archival purposes, of all documents containing designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information which are in the possession of counsel or authorized outside experts entitled to access under Paragraphs 6 or 7, respectively above, shall either be returned to the counsel of record for the designating party or destroyed. All copies of confidential financial records or confidential financial information shall either be returned to the counsel of record for the designating party or destroyed. As to destroyed documents, each party shall, upon written request by the other party, certify to the other party that such documents have been destroyed.

18.     Confidentiality Obligations Survive This Action. The obligations of confidentiality set forth herein shall remain in effect following the termination of this action.

-9-

BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
Salt Lake City, UT 84111

1

**IT IS SO ORDERED**:

2

3                                                            /s/ Maxine M. Chesney

        June                                                 _____
4    Date: ~~May~~ _10_ , 2005                               Honorable Maxine M. Chesney
                                                             United States District Court Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-10-
28

BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
Salt Lake City, UT 84111

*STIPULATED PROTECTIVE ORDER*
*CASE NO. C-04-4180 (MMC)*

1

## STIPULATION

2

Champion Performance Products, Inc., d.b.a. Champion Nutrition, by and through

3

its undersigned counsel, agrees to entry of the foregoing Stipulated Protective Order.

4

5

COUNSEL FOR:   Champion Performance Products, Inc. d.b.a. Champion Nutrition

6

7

8

Randall B. Bateman, *pro hac vice*
Perry S. Clegg, *pro hac vice*
**BATEMAN IP LAW GROUP**

9

8 East Broadway, Suite 550
Salt Lake City, Utah 84111

10

Telephone:  (801) 533-0320
Fax:  (801) 533-0323

11

12

David Goldman (Bar No. 76551)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor

13

Oakland, CA  94607-4036
Telephone:  (510) 834-6600

14

Fax:  (510) 834-1928

15

16

17

18

19

20

21

22

23

24

25

26

27

-11-

28

*STIPULATED PROTECTIVE ORDER*
*CASE NO. C-04-4180 (MMC)*

## STIPULATION

Met-Rx Substrate Technology, Inc., by and through its undersigned counsels,

agrees to entry of the foregoing Stipulated Protective Order.


COUNSEL FOR Met-Rx Substrate Technology, Inc.

5/24/05

M. Patricia Thayer
D. Christopher Kerby
**HELLER EHRMAN WHITE & MCAULLIFFE LLP**
333 Bush Street
San Francisco, California 94104
Telephone (415) 772-6000


Warren Krauss
James Xuanxin Li
**SEDGWICH, DETERT, MORAN, & ARNOLD LLP**
One Embarcadero Center, 16th Floor
San Francisco, California 94111
Telephone (415) 781-7900

-12-

*STIPULATED PROTECTIVE ORDER*
*CASE NO. C-04-4180 (MMC)*

1

## STIPULATION

2

NBTY, Inc., Inc., by and through its undersigned counsels, agrees to entry of the

3

foregoing Stipulated Protective Order.

4

5

6   COUNSEL FOR NBTY, Inc.

7

8   _____                    5/24/05

9   Warren Krauss
    James Xuanxin Li
10  SEDGWICH, DETERT, MORAN, & ARNOLD LLP
    One Embarcadero Center, 16th Floor
11  San Francisco, California 94111
    Telephone (415) 781-7900

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      -13-

STIPULATED PROTECTIVE ORDER
CASE NO. C-04-4180 (MMC)

BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
Salt Lake City, UT 84111

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAMPION PERFORMANCE PRODUCTS, INC., d.b.a. CHAMPION NUTRITION, | CASE NO. C-04-4180 (MMC) |
| Plaintiff, | **AFFIDAVIT RE: PROTECTIVE ORDER** |
| vs. | |
| MET-RX SUBSTRATE TECHNOLOGY, INC. and NBTY, INC., | |
| Defendants. | |

STATE OF _____     )
                                             ) ss.
COUNTY OF _____     )

_____, being first duly sworn, states:

1.     I have received the attached copy of the Protective Order ("Protective Order") in this case.

2.     I have carefully read and I understand the provisions of the attached copy of the Protective Order.

3.     I acknowledge that I am being given access to information designated by one of the parties as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY under the terms of the Protective Order, and I agree to be bound by, and comply with, all of the provisions of the Protective Order.

-14-

*STIPULATED PROTECTIVE ORDER*
*CASE NO. C-04-4180 (MMC)*

BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
Salt Lake City, UT 84111

4.    During the pendency and after final termination of this case, I will hold in confidence and not use or disclose CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information to anyone not qualified to have access under the Protective Order.

5.    As soon as practicable, but no later than twenty (20) days after final termination of this case, I will return all documents and things containing CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information, including, without limitation, all copies, excerpts, summaries, notes, digests, abstracts and indices thereto, which have come into my possession, custody or control and all documents and things which I have prepared relating thereto, to the legal counsel from whom I have received the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information.

Date: _____, 2005

_____
Signature

_____
Title or Position

_____
Printed Name

_____
Address

_____
City, State, Zip Code

_____
Telephone Number

Subscribed and sworn to before me
this _____ day of _____, 2005.

_____
Notary Public

-15-

STIPULATED PROTECTIVE ORDER
CASE NO. C-04-4180 (MMC)

BATEMAN IP LAW GROUP
8 East Broadway, Suite 550
Salt Lake City, UT 84111