IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMPION PERFORMANCE PRODUCTS, INC., d.b.a. CHAMPION NUTRITION,<br><br>  Plaintiff,<br><br>  v.<br><br>MET-RX SUBSTRATE TECHNOLOGY, INC. and NBTY, INC.,<br><br>  Defendants / | No. C-04-4180 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO LODGE CHAMBERS COPIES IN COMPLIANCE WITH GENERAL ORDER 45 AND THE COURT'S STANDING ORDERS; DIRECTING PLAINTIFF TO SUBMIT VIDEOTAPE TO CLERK FOR FILING IN COMPLIANCE WITH GENERAL ORDER 45; DIRECTING PLAINTIFF TO COMPLY WITH LOCAL RULES RE: SEALING OF DOCUMENTS** |

On December 16, 2005, plaintiff electronically filed the following unredacted documents: Notice of Motion for Summary Judgment to Bar Defendants' Counterclaims Due to Laches, the Affidavit of Stephen Ward, and the Declaration of Olivia Uitto. Also, on December 16, 2005, plaintiff electronically filed redacted versions of the following documents: Plaintiff's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment, the Declaration of Michael V. Zumpano, and the Declaration of Perry Clegg.

Plaintiff, with certain exceptions,[1] has violated General Order 45 and the Court's

---

[1] Plaintiff has delivered chambers copies of the unredacted version of its Memorandum, the unredacted version of the Zumpano Declaration, the unredacted versions of Exhibits P, T, W and BB to the Clegg Declaration, and the Manual Filing Notification efiled in connection with Exhibit O to the Clegg Declaration.

Standing Orders by failing to deliver to the Clerk's Office "no later than noon on the business day following the day that the papers are filed electronically, one paper copy of each document that is filed electronically . . . marked 'Chambers Copy' and . . . clearly marked with the judge's name, case number, and 'Chambers Copy-Do Not File.'" See General Order 45 § VI.G; see also Standing Orders For Civil Cases Assigned to The Honorable Maxine M. Chesney ¶ 2. Plaintiff is hereby ORDERED to comply with General Order 45 and the Court's Standing Orders by immediately submitting a chambers copy of the above-referenced documents, with the exception of the documents identified in n. 1. Plaintiff is hereby advised that if it fails in the future to comply with the Court's Standing Order to provide chambers copies of electronically-filed documents, the Court may impose sanctions, including, but not limited to, striking from the record any electronically-filed document of which a chambers copy has not been timely provided to the Court.

Additionally, although plaintiff delivered a chambers copy of the videotape it seeks to file as Exhibit O to the Declaration of Perry Clegg, plaintiff has not submitted the videotape to the Clerk for filing. Plaintiff is hereby DIRECTED to submit the videotape to the Clerk for filing pursuant to General Order 45 § VII.A. Plaintiff is hereby advised that if it fails to submit the videotape to the Clerk for filing, the videotape will not be part of the record and the Court will not consider the videotape in ruling on plaintiff's motion.

Finally, with respect to plaintiffs' electronic filing of redacted versions of certain documents, plaintiff has violated the Civil Local Rules of this District. Specifically, plaintiff is required to electronically file an administrative motion to file the unredacted versions of such documents under seal, to lodge with the Clerk a proposed order sealing the document(s), and to lodge with the Clerk the original, unredacted document(s) or portions sought to be filed under seal in a sealed envelope bearing the information required by Civil Local Rule 79-5(b) and/or (c).[2]  See Civil L.R. 79-5(b) (setting forth procedure for filing

---

[2] The Local Rules further require the party seeking to file a document under seal to provide a chambers copy of the unredacted document. As noted, plaintiff has complied with this aspect of the Local Rules by lodging a chambers copy of the documents, or portions of documents, it seeks to file under seal.

2

entire document under seal); Civil L.R. 79-5(c) (setting forth procedure for filing portion of document under seal).  Plaintiff is hereby ORDERED to comply with Civil Local Rule 79-5(b) as to each complete document, and Civil Local Rule 79-5(c) as to each portion of a document, that plaintiff seeks to file under seal.  Plaintiff is hereby advised that if it fails to comply with Civil Local Rule 79-5(b) or 79-5(c) as to each document or portion thereof it seeks to file under seal, the unredacted documents will not be part of the record and the Court, in ruling on plaintiff's motion, will only consider the redacted versions that have been electronically filed.

**IT IS SO ORDERED.**

Dated:  December 29, 2005

MAXINE M. CHESNEY
United States District Judge